**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Alberto LARA–ARREDONDO,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Jose Antoino Carrasco, Defendant–**
**Appellant.**

**Nos. 06–30330, 06–30384.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007.*

Filed July 19, 2007.

Michelle R. Mallard, USPO–Office of the U.S. Attorney, Pocatello, ID, Alan G. Burrow, Esq., USBO–Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Nick Vieth, Federal Defenders Eastern Washington and Idaho, Edwynne W. Carter, Esq., Pocatello, ID, for Defendant–Appellant.

Luis Alberto Lara–Arredondo, Rexburg, ID, pro se.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

## MEMORANDUM **

Luis Lara–Arredondo and Jose Antonio Carrasco appeal from the sentences imposed following their guilty pleas to conspiracy to possess and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and drug possession and distribution, in violation of 18 U.S.C. § 2.

Defendants contend that the district court erred by applying a two-level enhancement to their base offense level for possession of a firearm during the course of the crime.

. In their plea agreements, both defendants waived their right to appeal their sentences unless the sentences exceeded the maximum permitted by statute or unless the sentences were unreasonable "based solely on an incorrect application of the sentencing guidelines to which the defendant filed a proper and timely objection." Arredondo failed to object to the presentence report and did not make any objections during his sentencing hearing to the firearm enhancement. Carrasco filed an objection to the firearm enhancement, but withdrew his objection at the time of sentencing. Contrary to Carrasco's contention in his opening brief, we find nothing in the record to suggest that the government somehow coerced Carrasco during his first sentencing hearing to withdraw his objection. Because the district court imposed sentences that comported with the conditions set forth in the plea agreements, we lack jurisdiction over

these appeals. *See United States v. Anglin,* 215 F.3d 1064, 1065–68 (9th Cir.2000).

**DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.